# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6476 | **DATE** | January 7, 2008 |
| **CASE TITLE** | Larry Martin (#2007-0088166) v. Tom Dart | | |

**DOCKET ENTRY TEXT:**

Plaintiffs Larry Martin's and Mark Steve's motions to proceed *in forma pauperis* [3], [4] are granted. The Court assesses an initial partial filing fee of $1.00 for Martin and $8.00 for Steve. The Cook County Jail inmate trust fund account officer is directed to deduct, when adequate funds exist, $1.00 from Martin's trust fund account and $8.00 from Steve's trust fund account as initial partial payments of their filing fee and to continue making deductions in accordance with this order until both Martin and Steve have paid $350.00, the filing fee for each plaintiff. The clerk is directed to send a copy of this order to the trust officer at the Cook County Jail. Plaintiffs are allowed to proceed with their claims against Tom Dart and Superintendent Thomas Snooks. The clerk shall issue summonses for these defendants. The United States Marshals Service is directed to serve the defendants. The clerk shall forward to plaintiffs Martin and Steve Instructions for Submitting Documents in this court, along with a copy of this order. The other listed plaintiffs, Marven Hudson, Richard Mason, Mrollie Leon Bailey have not submitted *in forma pauperis* applications and are dismissed as plaintiffs to this action.

■ [For further details see text below.] Docketing to mail notices.

## STATEMENT

Plaintiffs Larry Martin (#2007-0088166) and Mark Steve (#2007-0013769), and four other Cook County Jail inmates, have jointly filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against Cook County Sheriff Tom Dart and Superintendent Thomas Snooks. The plaintiffs argue that unsanitary conditions at the jail have caused them to develop boils and staph infections. Martin and Steve have filed applications to proceed *in forma pauperis*; however, the other inmates listed as plaintiffs, Marven Hudson, Richard Mason, Larry Gore, and Mrollie Leon Bailey, have not filed *in forma pauperis* applications.

In accordance with *Boriboune v. Berge*, 391 F.3d 852, 856 (7th Cir. 2004), each plaintiff to a jointly filed action must pay a filing fee of $350. Finding that neither Martin nor Steve is able to prepay the filing fee, the Court grants their applications to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Martin and Steve are each assessed an initial partial filing fee. Martin must pay $1.00 and Steve must pay $8.00 as initial partial filing fees. The supervisor of inmate trust accounts at the Cook County Jail is authorized to collect, when funds exist, $1.00 from Martin's trust fund account and $8.00 from Steve's trust fund account as an initial filing fee, and shall further collect monthly partial payments of the filing fee from plaintiffs' trust fund accounts and pay it directly to the clerk of court. The monthly amounts collected shall be equal to 20% of the preceding month's income credited to each account. Monthly payments collected from plaintiffs' trust fund accounts shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until both Martin and Steve have paid the full $350 filing fee. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify each plaintiff's name and the case number assigned to this action. The Cook County Jail inmate trust account office shall notify state correctional authorities of any outstanding balance in the event either plaintiff is transferred to another state correctional facility.

**(CONTINUED)**

isk

**STATEMENT (continued)**

The other listed plaintiffs, Marven Hudson, Larry Gore, Richard Mason, and Mrollie Leon Bailey, have neither paid the $350 filing fee, nor submitted applications to proceed *in forma pauperis*, which each inmate plaintiff is required to do under § 1915(b)(1). *Boriboune v. Berge*, 391 F.3d at 856. Accordingly, Hudson, Mason, Gore, and Bailey are dismissed as plaintiffs to this action without prejudice to them each filing a complaint and separate *in forma pauperis* applications. Although inmates may jointly file a complaint, so long as each pays a filing fee, such a joinder of plaintiffs poses significant practical concerns. The plaintiffs may all currently be at the Cook County Jail, but may not always be at the same location. The Court, therefore, urges Hudson, Mason, Gore, and Bailey, should they wish to continue with their suits, to file separate complaints.

A preliminary review of Martin and Steve's complaint complaint, *see* 28 U.S.C. § 1915A, reveals that they may proceed with their complaint. *See Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006)*; Antonelli v. Sheahan* 81 F.3d 1422, 1427 (7th Cir. 1996). Although Martin and Steve do not state how Snooks or Dart were involved, and a more developed record may show that their claims lack merit, they have sufficiently stated claims to warrant a response from the defendants.

Therefore, the clerk is directed to issue summonses for and the United States Marshal is directed to serve defendants Sheriff Tom Dart and Superintendent Thomas Snooks. Any service forms necessary for plaintiffs Martin and Steve to complete will be sent by the Marshal as appropriate to serve defendants with process. The Marshal is directed to make all reasonable efforts to serve defendants. With respect to any former employees who can no longer be found at the work address provided by plaintiff, the Cook County Jail shall furnish the Marshal with defendants' last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiffs are instructed to file all future papers concerning this action with the clerk of court in care of the prisoner correspondent. In addition, plaintiffs must send an exact copy of any filing to defendants or, if represented by counsel, to counsel for defendants. Plaintiffs must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiffs.