FILED
JUL 10 2008
Jul 10, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

In The United States District Court
Northern District of Illinois, Eastern Division

Larry Martin, et al.,
        Plaintiffs,            ) Case No. 07 C 6476
vs.                            )
                               ) Honorable Judge
Sheriff Tom Dart, et al.,      ) Rebecca R. Pallmeyer
        Defendants.            ) Magistrate Judge Mason

Plaintiff's Motion in Respond to Defendant's Answer And Affirmative Defenses

Now comes Plaintiff, Larry Martin, Pro Se, and move this Honorable Court to allow Plaintiff's Motion in respond to Defendant's Answer And Affirmative Defenses. Plaintiff states as follow:

1. On May 16, 2008, Plaintiff file his Amended Complaint at the United States District Court for the Northern District of Illinois, Eastern Division, Requesting that his complaint be turn under Rule 23,(a)(1) into a class-action, and to state how the Defendants was responsible for violation his Con-

-1-

stitutional Rights.

2. On May 2, 2008, Plaintiff file a motion for a court order in the District court to obtain a Grievance from, This grievance was in fact on the unsanitary living condition that are causing detainees to have serious boils on there body. See, Ex. no. one, the court order.

## II    Argument

The District court must first ask "if a Plaintiffs has asserted the violation of a constitutional right at all, and then assess whether that right was clearly established at the time of a defendant's actions." See; Gehl Group v. Koby, 63 F.3d 1528, 1533 (10th Cir. 1995).

In the case at hand, the defendants knew or should have known that there action violated a clearly established Constitutional Rights at the time Plaintiff obtain these serious boils on his body. Due to the facts that there are numerous of detainees with the same serious boils on there body which gave rise to Plaintiff's Amended

-2-

complaint, but yet the Defendants set by moot and fail to cure there wrong doing.
Therefore; Defendants are not entitled to Qualified Immunity.

III

Plaintiff has in fact exhausted his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. 1997e(a).

Sometime in late September or early October me and five more Plaintiffs file a grievance with the social worker name Ms. McCoy. After about a month Plaintiff ask Ms. McCoy about that grievance and she stated that it had been denied and that she would bring me a copy.

On November 8, 2007 Plaintiff was found not guilty by the trial court and was release two day before he should had got a copy of that grievance.

On (October) November 23, 2007 Plaintiff was rearrested, and tryed to obtain a copy of that grievance, but his new social worker told him that he needed to file a court order in order for him to obtain that grievance, see, EX-No. One

-3-

If any thing happen to that grievance it is not on the Plaintiff and the Plaintiff should not be helled responsible for the Cook County Jail employee action. This grievance was in fact place in Ms. McCoy hands and not given to any one else and this was in fact witness by the the rest of the Plaintiffs.

Therefore, Plaintiff has in fact exhausted all of his administrative remedies, by putting the Cook County Jail on notice.

Wherefore, Plaintiff pray that this Honorable Court would grant said motion and denied the defendants Affirmative Defense.

Sincerely,
Larry Martin
#2008C008166
P.O. Box 089002
Chicago, IL. 60608

-4-